## In re NORTHGATE TERRACE APARTMENTS, LTD., Debtor.

**Bankruptcy Nos. 2–90–00217, 59–2373860.**

United States Bankruptcy Court, S.D. Ohio, E.D.

June 1, 1990.

Thomas I. Blackburn, John Andrew Merkle, Denmead, Blackburn & Willard, Columbus, Ohio, for debtor Northgate Terrace Apts., Ltd.

Drew T. Parobek, Terry Miller, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for Goldome Realty Credit Corp.

Jay Alix, Southfield, Mich., Chapter 11 Trustee.

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, Gen. Counsel to trustee.

Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Sp. Counsel to trustee.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, Ohio, Columbus Office of the United States Trustee for Region IX.

Lori Lapin Jones, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, and Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for the Official Committee of Unsecured Creditors of Cardinal Industries, Inc.

P. Steven Kratsch, Kilpatrick & Cody, Atlanta, Ga., for Official Committee of

Unsecured Creditors of Cardinal Industries of Florida, Inc.

Harvey S. Minton, Minton & Leslie, Columbus, Ohio, Counsel for Cardinal Industries of Georgia, Inc.

James H. Bownas, Columbus, Ohio, for Cardinal Industries Services Corp. and Cardinal Industries Mortg. Co.

Thomas R. Noland, Altick & Corwin, Dayton, Ohio, for Cardinal Partnership Corp. and Cardinal Partner Corp.

## ORDER DENYING MOTION OF GOLDOME REALTY CREDIT CORP. FOR DISMISSAL OF CASE AND RELIEF FROM AUTOMATIC STAY

BARBARA J. SELLERS, Bankruptcy Judge.

The matter is before the Court upon the Motion of Goldome Realty Credit Corporation ("Goldome") to excuse compliance with 11 U.S.C. § 543 pursuant to § 543(d) of the Bankruptcy Code, for relief from the automatic stay, and for dismissal of this case pursuant to § 1112(b) of the Bankruptcy Code. All motions were opposed by the debtor Northgate Terrace Apts., Ltd. ("Northgate") and were heard by the Court.

The Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine.

The Court finds that Goldome's Motion seeking dismissal of this case must be, and is hereby denied. The Court further finds that Goldome's Motion for relief from the automatic stay also must be, and is hereby denied. Both denials are premised upon the short period of time this case has been pending as a Chapter 11 reorganization effort, the presence of a receiver on the property which is Northgate's primary asset, and the resulting inability of Northgate to have access to data needed to determine the financial prospects of reorganization. The Court believes Northgate is entitled to a reasonable period of time while in possession of all its assets to attempt to reorganize its business. However, because financial data available at the time of hearing indicates that Northgate's ability to reorganize is uncertain, the denial of Goldome's motions seeking dismissal and relief from stay is without prejudice. If Northgate fails to file a disclosure statement and a reasonable plan of reorganization within sixty (60) days from the date of the entry of this order, or if other post-petition "cause" arises, Goldome may renew its motions.

The Court is separately issuing an Order on the Motion of Goldome Realty Credit Corporation to excuse compliance with 11 U.S.C. § 543.

IT IS SO ORDERED.